IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRANESSIA HENRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-0668 |
| § | |
| CHASE HOME FINANCE, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is a suit challenging a mortgage foreclosure. After receiving notice that her home would be sold at a foreclosure sale, the plaintiff, Tranessia Henry, sued Chase Home Finance, LLC ("Chase"), the entity that sent the foreclosure notice, and Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), the law firm Chase retained to foreclose on the property. The complaint asserted causes of action for quiet title, wrongful attempted foreclosure, violations of the Fair Debt Collection Practices Act ("FDCPA"), and declaratory relief. The defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state viable claims against them. In the alternative, the defendants moved for a more definite statement under Rule 12(e). Based on the pleadings; the motions, response, and reply; and the relevant law, this court grants in part and denies in part Chase's motion to dismiss, and grants BDFTE's motion to dismiss. No later than December 15, 2011, the parties must file a proposed scheduling and docket control order that includes a date for filing a motion for summary judgment on the remaining claims.

The reasons for these rulings are explained below.

**I.     Background**[1]

Henry owns the property located at 1031 N. Teal Estates Circle in Fresno, Texas. (Compl. ¶ 14). On February 10, 2011, she received a notice of substitute trustee sale informing her that her home would be sold at a foreclosure sale on March 1. (*Id.* ¶¶ 1, 20). The notice was sent by BDFTE, Chase's foreclosure counsel, and listed Chase as the mortgagee and mortgage servicer of the plaintiff's mortgage loan. (*Id.* ¶¶ 20, 23, 25). Henry alleges that Chase is neither the mortgagee nor the mortgage servicer of her mortgage loan and "is not owner or holder or assignee of any mortgage or promissory note encumbering" her property. (*Id.* ¶¶ 24, 26, 29). The complaint does not allege the entity Henry believes holds or services the mortgage.

On February 25, Henry sued Chase and BDFTE in federal court, asserting causes of action for quiet title, unlawful foreclosure attempt, FDCPA violations, and declaratory relief. In the first cause of action, Henry alleges that she has "superior and legal title" to her property. (*Id.* ¶ 33). She further alleges that Chase "claims the right to sell" her property even though Chase "is not named in any Mortgage, Deed of Trust or Assignment recorded in the county records" and "is not the owner or holder of any promissory note encumbering" her property. (*Id.* ¶¶ 35–37). Henry seeks an order "quieting title to the Property in Plaintiff as of the date the Complaint . . . was filed." (*Id.* ¶ 39). In the second cause of action, Henry alleges that the defendants "falsely represented" that Chase is the mortgagee "and therefore had a right to foreclose," "scheduled a wrongful sale for March 1, 2011," and "failed to give notice of the sale[] at least 21 days before the date of the sale." (*Id.* ¶¶ 43–45). Henry seeks "an injunction to stop the wrongful foreclosure attempt, and damages." (*Id.* ¶ 46). In the third cause of action, Henry alleges that the defendants violated the FDCPA by falsely

---

[1] Because the defendants have moved to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), this court accepts as true the complaint's factual allegations. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011).

representing in the notice of foreclosure that Chase has a right to foreclose. (*Id.* ¶ 55). In the fourth cause of action, Henry seeks a declaratory judgment that the defendants have violated her rights under federal and state laws and that the defendants have no right to foreclose on her property. (*Id.* ¶ 60).

Both defendants have filed motions to dismiss under Rule 12(b)(6). Chase argues that the quiet title claims fails because under Texas law, mortgagees and mortgage servicers may foreclose on mortgaged property without having to produce the original promissory note; that Texas law does not recognize a cause of action for wrongful attempted foreclosure; that it is not a "debt collector" under the FDCPA; and that no declaratory relief can be awarded absent a viable claim. (Docket Entry No. 5). BDFTE argues that the complaint fails to state claims against it because the allegations are directed solely to Chase. (Docket Entry No. 6, at 3–4). BDFTE also argues that Texas law does not recognize a cause of action for wrongful attempted foreclosure; that it is not a "debt collector" under the FDCPA; and that non-judicial foreclosure is not debt collection under the FDCPA. (*Id.*, at 4–7). In the alternative, both defendants have moved for a more definite statement under Rule 12(e). Henry has responded to both motions, (Docket Entry No. 13), and Chase has replied, (Docket Entry No. 15). The arguments for and against dismissal are analyzed in detail below.

**II.  The Legal Standard under Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court concluded that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also*

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "'Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished) (per curiam) (quoting *Twombly*, 550 U.S. at 556 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir.

2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### III.     Chase's Motion to Dismiss

#### A.     The Quiet Title Claim

A quiet title action "concerns the existence of a cloud on title that equity will remove." *Alkas v. United Sav. Ass'n of Texas, Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." *Essex Crane Rental Corp. v. Carter*, --- S.W.3d ----, 2011 WL 4599667, at * 18 (Tex. App.—Houston [1st Dist.] 2011, not pet. h.). The suit seeks "'to enable the holder of the

feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). "[T]he plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief," and "must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 531. "[T]he plaintiff must prove, and thereby recover on, the strength of his title and not on the weakness or invalidity of his adversary's title." *Alkas*, 672 S.W.2d at 857.

Henry contends that by sending a notice of foreclosure, Chase asserted an adverse claim to her property that clouds her title. The complaint alleges that Henry's interest in the property is superior to Chase's interest and that Chase does not have the right to sell the property because Chase is neither a mortgagee nor a mortgage servicer of Henry's mortgage loan. The complaint further alleges that Chase "is not named in any Mortgage, Deed of Trust or Assignment recorded in the county records" and "is not the owner or holder of any promissory note encumbering the property." (Compl.¶¶ 36, 37). Based on these allegations, Henry seeks an order quieting title to the property in her as to Chase's adverse claim. Chase argues that the complaint's allegations fail to state a claim for quiet title because under Texas law, mortgagees and mortgage servicers may foreclose on mortgaged property, and because the complaint alleged that the notice of foreclosure identified Chase as both the mortgagee and mortgage servicer of the plaintiff's mortgage loan. (Docket Entry No. 5, at 5). Chase further argues that Texas law does not require "a mortgage servicer or mortgagee of a note to prove it is the 'holder' by producing the original note" and that "[t]here is . . . no

provision of the Texas Property Code requiring transfers of liens to be filed [in the county records] before the foreclosure sale of property encumbered by a deed of trust." (*Id.*, at 5–6).

Henry does not dispute that mortgagees and mortgage servicers may, under Texas law, foreclose on real property, but argues that because she has alleged that Chase is neither the mortgagee nor the mortgage servicer of her mortgage loan, the argument to dismiss her quiet title claim lacks merit. (Docket Entry No. 13, at 3). Chase's argument to dismiss the quiet title claim assumes that Chase is the mortgagee and mortgage servicer of Henry's mortgage loan. The assumption may be true, but that is not what the complaint alleged. The complaint alleged that Chase is neither the mortgagee nor the mortgage servicer of the mortgage loan. Contrary to Chase's argument, this is a factual—and not a conclusory—allegation. The separate allegation that the notice of foreclosure listed Chase as the mortgagee and mortgage servicer is not an allegation that Chase is the mortgagee and mortgage servicer, but a description of the contents of the notice. Chase's motion to dismiss the quiet title claim is denied.[2] This ruling, of course, does not preclude Chase from moving for summary judgment at an early practicable time on the ground that Chase is the mortgagee or mortgage servicer of the mortgage loan.

Chase's alternative motion for a more definite statement is also denied. A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is

---

[2] In its reply brief, Chase also argues that the complaint fails to state a quiet title claim because Henry did not "allege any facts . . . which plausibly establish the strength of her title to the Property so as to support her request for quiet title." (Docket Entry No. 15, at 3). "A suit to quiet title or to remove a cloud can be maintained only by a person owning an interest in the property involved." *Bell*, 606 S.W.2d at 953. The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright*, 26 S.W.3d at 578. Henry has alleged that she owns the property, that she is and has been in possession of the property at all times relevant to this litigation, and that she has paid property taxes. Chase does not explain why these allegations are insufficient to plead that Henry has an interest in the property sufficient to allow her to bring a quiet title action. Chase's motion to dismiss the quiet title claim based on insufficient allegations of Henry's interest in the property is denied.

8

allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Vill.*, No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D.Tex. June 22, 2005) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (2d ed. 1990)). As discussed above, the plaintiff alleged that by sending a notice of foreclosure, Chase asserted an adverse claim to her property that clouded her title. The plaintiff further alleged that as the owner of the property, she holds superior title to it as compared to Chase, which is neither a mortgagee nor a mortgage servicer. These allegations provide Chase with the information it needs to respond to the quiet title claim and begin defending the action.[3]

### B. The Wrongful Attempted Foreclosure Claim

Chase argues that Henry's second cause of action must be dismissed because Texas law does not recognize a cause of action for wrongful attempted foreclosure. Chase did not foreclose on Henry's home. Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home. *See, e.g.*, *Baker v. Countrywide Home Loans, Inc.*, Civ. Act. No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009). An action for wrongful foreclosure in Texas may be brought by

---

[3] Chase's motion to dismiss does not address, and this court does not decide, whether by sending a notice of foreclosure, a mortgage company asserts an adverse claim to property that clouds the owner's title and that may form the basis of a quiet title claim. Under Texas law, "[a] cloud on title has been generally defined as a semblance of title, either legal or equitable, which is, in fact, invalid or would be inequitable to enforce." *Vanguard Equities, Inc. v. Sellers*, 587 S.W.2d 521, 525 (Tex. Civ. App.—Corpus Christi 1979, no writ). "Acts done in the exercise of an asserted right of use or ownership of realty constitute a cloud on title." *Hopkins v. Netterville*, No. No. 12-00-00339-CV, 2002 WL 59278, at *6 (Tex. App—Tyler Jan. 16, 2002, pet. denied) (citing *Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 719 (5th Cir. 1951)). In an unpublished opinion, a Texas appellate court has held that attempting to foreclose on property and filing suit to recover that property from the person in possession may cloud title to the property. *See id.* ("Here, Appellants attempted to foreclose on the property and filed suit to recover the property from Netterville asserting that they were the legal owners of the land. This is some evidence of probative force to support the finding that Appellants clouded title to the property.").

individuals suffering harm due to irregularities in a foreclosure sale. *See Leggette v. Washington Mutual Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct.19, 2005); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.); *Wieler v. United Savings Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994, writ denied) (stating that "a person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure"). To recover for wrongful foreclosure, the party seeking relief must plead and prove injury. *See, e.g.*, *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1978, no writ). "In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986). This measure of damages is based on a tort theory of recovery to compensate for the lost *possession* of the property. *Peterson*, 980 S.W.2d at 823 ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."). Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure. *Id.*; *Wieler*, 887 S.W.2d at 159 n.2; *Port City State Bank*, 561 S.W.2d at 547. The motion to dismiss the wrongful attempted foreclosure claim is granted, without leave to amend because to do so would be futile.[4]

---

[4] Henry does not address the argument that Texas law does not recognize a cause of action for wrongful attempted foreclosure. Instead, she argues that "in the criminal statutes, an 'attempt' to commit a crime is also a crime. If civil matters were not treated the same way, there would be an unconstitutional Equal Protection violation." (Docket Entry No. 13, at 5). "[A] violation of equal protection occurs only when the government treats someone differently than others similarly situated . . . ." *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988). Henry does not explain how she is treated differently from other homeowners threatened with foreclosure. Under Texas law, no homeowner may bring a cause of action for wrongful foreclosure unless the foreclosure has already occurred.

### C.     The FDCPA Claim

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can have with a debtor. 15 U.S.C. § 1692. To achieve this goal, the Act regulates communications related to debt collection (§ 1692c), prohibits conduct that tends to harass, abuse, or oppress consumers (§ 1692d), forbids debt collectors from making false, deceptive, or misleading representations (§ 1692e), proscribes unfair or unconscionable debt collection practices (§ 1692f), and requires that debt collectors advise consumers whose debts they seek to collect of specified rights (§ 1692g). "Consumers may sue to enforce the Act's provisions and, if successful, recover actual damages, statutory damages, and attorney's fees and costs." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (5th Cir. 2008) (citing 15 U.S.C. § 1692k).

The FDCPA claim based on the Chase's foreclosure notice fails as a matter of law. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mortgage companies collecting debts are not "debt collectors" under the FDCPA. *Williams v. Countrywide Home Loans, Inc*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007). In addition, "the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Both because Chase is not a "debt collector" as defined by the FDCPA and because the statute does not cover the type of activity alleged, Henry's FDCPA claim

11

fails as a matter of law. The motion to dismiss is granted as to this claim, without leave to amend based on futility of amendment.

### D. The Declaratory Judgment Claim

In her fourth cause of action, Henry seeks a declaration that Chase violated her rights under federal and state laws and that Chase has no right to foreclose on her property. Chase argues that this claim should be dismissed because Henry's first three causes of action fail to state viable claims. Because this court has denied Chase's motion to dismiss the quiet title claim, Chase's argument is unpersuasive. The motion to dismiss the declaratory judgment claim is granted as to the state and federal law claims that have been dismissed and otherwise denied.

### IV. BDFTE's Motion to Dismiss

BDFTE's motion to dismiss is granted. The quiet title claim, which survived Chase's motion to dismiss, was asserted only against Chase. The wrongful attempted foreclosure and FDCPA claims against BDFTE fail as a matter of law, for the reasons discussed above. There is no basis for a declaratory judgment as to whether BDFTE has a right to foreclose on Henry's property because it is Chase, not BDFTE, that is seeking to foreclose; BDFTE merely serves as Chase's foreclosure counsel. The claims against BDFTE are dismissed, without leave to amend because to do would be futile.

### V. Conclusion and Order

Chase's motion to dismiss is granted in part and denied in part. It is granted as to the wrongful attempted foreclosure and FDCPA claims and denied as to the quiet title claim and declaratory judgment claims.[5] BDFTE's motion to dismiss is granted. The dismissals are with

---

[5] By denying Chase's motion to dismiss the quiet title and declaratory judgment claims, this court does not hold that the complaint alleges viable claims. This court holds only that Chase's arguments for dismissing these claims are unpersuasive.

prejudice and without leave to amend.  No later than **December 15, 2011**, the parties must submit a proposed scheduling and docket control order that includes a date for filing for summary judgment on the remaining claims.

      SIGNED on December 6, 2011, at Houston, Texas.

                                                Lee H. Rosenthal
                                       United States District Judge