# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **TRANESSIA HENRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:11-cv-00668** |
| | § | |
| **CHASE HOME FINANCE LLC, ISAOA;** | § | |
| **and BARRETT DAFFIN FRAPPIER** | § | |
| **TURNER & ENGLE, LLP,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("JPMC" or "Defendant") files this Answer to Plaintiff's Complaint ("Complaint").[1]  As authorized by FED. R. CIV. P. 12 and 13, Defendant hereby states as follows:

### Preliminary Statement

1.      Defendant denies that it has no right to foreclose.  Defendant further denies that it is not named in any Mortgage, Deed of Trust or Assignment recorded in the county records. Defendant admits it has taken steps to initiate foreclosure proceedings against real property located at 1031 Teal Estates Circle, Fresno, Texas 77545 (the "Property").  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 1 of the Complaint, and therefore denies the same.

---

[1]      Doc. No. 1.

2.      Defendant denies the allegations in the Complaint are likely to have evidentiary support.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 2 of the Complaint, and therefore denies the same.

## Jurisdiction and Venue

3.      Defendant admits this Court has jurisdiction.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 3 of the Complaint, and therefore denies the same.

4.      Defendant admits venue is proper in this Court.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 4 of the Complaint, and therefore denies the same.

5.      Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and therefore denies the same.

## Parties

6.      Defendant admits, upon information and belief, that Plaintiff is a citizen of Texas.

7.      Defendant admits it is the successor by merger to Chase Home Finance LLC.  Defendant further admits is a national association and has appeared herein.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 7 of the Complaint, and therefore denies the same.

8.      Defendant admits, upon information and belief, that Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") is a law firm.  Defendant further admits it engaged BDFTE to initiate foreclosure proceedings against the Property on Defendant's behalf.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 8 of the Complaint, and therefore denies the same.

9.    Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.   Defendant admits it is the current mortgagee or servicer of a loan agreement evidenced by a note and deed of trust dated June 29, 2007 in the amount of $108,500.00, made or granted by Plaintiff in connection with her purchase of the Property.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 10 of the Complaint, and therefore denies the same.

11.   Defendant denies the allegations in paragraph 11 of the Complaint.

12.   Defendant denies the allegations in paragraph 12 of the Complaint.

13.   Defendant denies the allegations in paragraph 13 of the Complaint.

## Factual Allegations:

14.   Defendant admits, upon information and belief, that Plaintiff has an interest in the Property.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.   Defendant is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16.   Defendant is without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.   Defendant is without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18.   Defendant is without sufficient information to admit or deny the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19.     Defendant is without sufficient information to admit or deny the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.     Defendant is without sufficient information to admit or deny the allegations in paragraph 20 of the Complaint, and therefore denies the same.

21.     Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint, and therefore denies the same.

22.     Defendant admits, upon information and belief, that Plaintiff received a Notice of Substitute Trustee Sale with regard to the Property.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 22 of the Complaint, and therefore denies the same.

23.     Defendant admits, upon information and belief, that Plaintiff received a Notice of Substitute Trustee Sale which identified Defendant as the current mortgagee and servicer of the subject loan.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 23 of the Complaint, and therefore denies the same.

24.     Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25.     Defendant admits, upon information and belief, that Plaintiff received a Notice of Substitute Trustee Sale which identified Defendant as the current mortgagee and servicer of the subject loan.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 25 of the Complaint, and therefore denies the same.

26.     Defendant is without sufficient information to admit or deny the allegations in paragraph 26 of the Complaint, and therefore denies the same.

27.     Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28.     Defendant denies the Property was sold at foreclosure sale on March 1, 2011. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 28 of the Complaint, and therefore denies the same.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION
## QUIET TITLE

31.     Defendant is without sufficient information to admit or deny the allegations in paragraph 31 of the Complaint, and therefore denies the same.

32.     Defendant is without sufficient information to admit or deny the allegations in paragraph 32 of the Complaint, and therefore denies the same.

33.     Defendant admits, upon information and belief, Plaintiff has an interest in the Property.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 33 of the Complaint, and therefore denies the same.

34.     Defendant is without sufficient information to admit or deny the allegations in paragraph 34 of the Complaint, and therefore denies the same.

35.     Defendant admits it initiated foreclosure proceedings against the Property. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 35 of the Complaint, and therefore denies the same.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant admits Plaintiff initiated this lawsuit against Defendant.  Defendant further admits that it has an interest in the Property.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 38 of the Complaint, and therefore denies the same.

39.     Defendant admits Plaintiff appears to seek quiet title to the Property in the Complaint.  Defendant denies Plaintiff is entitled to the relief she seeks in the Complaint. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 39 of the Complaint, and therefore denies the same.

**SECOND CAUSE OF ACTION**
**Unlawful Foreclosure Attempt**

40.     Defendant is without sufficient information to admit or deny the allegations in paragraph 40 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

41.     Defendant is without sufficient information to admit or deny the allegations in paragraph 41 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

42.     Defendant is without sufficient information to admit or deny the allegations in paragraph 42 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

43.     Defendant denies that it made any false representations to Plaintiff.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 43 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

44.    Defendant denies that it scheduled a wrongful sale.   Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 44 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

45.    Defendant denies that it failed to give Plaintiff at least 21 days' notice of the alleged sale.   Defendant denies the alleged sale occurred.   Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 45 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

46.    Defendant denies it made a "wrongful foreclosure attempt."   Defendant further denies that Plaintiff is entitled to the relief sought in paragraph 46 of the Complaint.  This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

## THIRD CAUSE OF ACTION
## FDCPA (FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692)

47.    Defendant is without sufficient information to admit or deny the allegations in paragraph 47 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

48.    Defendant is without sufficient information to admit or deny the allegations in paragraph 48 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

49.    Defendant is without sufficient information to admit or deny the allegations in paragraph 49 of the Complaint, and therefore denies the same. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

50.     Defendant denies the allegations in paragraph 50 of the Complaint.  This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

51.     Defendant denies the allegations in paragraph 51 of the Complaint. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

52.     Defendant denies the allegations in paragraph 52 of the Complaint. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

53.     Defendant denies the allegations in paragraph 53 of the Complaint. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

54.     Defendant denies the allegations in paragraph 54 of the Complaint. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

55.     Defendant denies the allegations in paragraph 55 of the Complaint. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

56.     Defendant denies the allegations in paragraph 56 of the Complaint and denies Plaintiff is entitled to the relief sought therein. This cause of action was dismissed pursuant to the Court's Order dated December 6, 2011 [Doc. No. 22].

## FOURTH CAUSE OF ACTION
### Declaratory Relief (28 U.S.C. §2201)

57.     Defendant is without sufficient information to admit or deny the allegations in paragraph 57 of the Complaint, and therefore denies the same.

58.     Defendant denies that it violated state and federal laws.  Defendant further denies that it violated Plaintiff's rights as alleged in paragraph 58 of the Complaint. Defendant denies the remaining allegations in paragraph 58 of the Complaint.

59.     Defendant admits it took steps to initiate foreclosure proceedings against the Property.  Defendant denies the remaining allegations in paragraph 59 of the Complaint.

60.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 60 of the Complaint.

**Prayer for Relief:**

61.     Defendant admits this Court has jurisdiction.   Defendant denies Plaintiff is entitled to the relief sought in paragraph 61 of the Complaint.

62.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 62 of the Complaint.

63.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 63 of the Complaint.

64.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 64 of the Complaint.

## ADDITIONAL DEFENSES

Defendant pleads the following matters in defense, should the same be necessary:

1.     Defendant specifically denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

3.     Plaintiff's claims are barred because Plaintiff does not have standing to bring the claims asserted.

4.     Plaintiff's claims are barred, in whole or in part, by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf, and/or third parties.

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no compensable damages.

6.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

7.      Some of Plaintiff's claims may be barred by the doctrine of election of remedies.

8.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

9.      Defendant seeks credit or offset for amounts due on the note and deed of trust.

10.     Plaintiff breached the contract at issue.

WHEREFORE, PREMISES CONSIDERED, Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, prays that Plaintiff take nothing by this suit and that Defendant goes hence and recovers costs in its behalf expended, as well as such other and further relief as to which it may be justly entitled.

Respectfully submitted,


_____ */s/ Anna S. Doss*
WM. LANCE LEWIS
Texas Bar No. 12314560
ANNA S. DOSS
Texas Bar No. 24074147
**QUILLING, SELANDER, LOWNDS,
     WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 880-1827 (Direct)
(214) 871-2111 (Fax)
llewis@qslwm.com
adoss@qslwm.com
**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A., AS
SUCCESSOR BY MERGER TO CHASE
HOME FINANCE LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been furnished to *pro se* Plaintiff via first class and certified mail and all other counsel of record via ECF in accordance with the Federal Rules of Civil Procedure, this 9th day of December, 2011.

Tranessia Henry, *Pro Se*
1031 N. Teal Estates Circle
Fresno, Texas  77545.

_____*/s/ Anna S. Doss*_____
Wm. Lance Lewis / Anna S. Doss