IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRANESSIA HENRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-0668 |
| § | |
| CHASE HOME FINANCE, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is a suit challenging a mortgage foreclosure. After receiving notice that her home would be sold at a foreclosure sale, the plaintiff, Tranessia Henry, sued Chase Home Finance, LLC,[1] the mortgagee listed on the foreclosure notice. Henry also sued Barrett Daffin Frappier Turner & Engel, LLP (BDFTE), the law firm Chase retained to foreclose on the property. Henry's complaint asserted causes of action for quiet title, wrongful attempted foreclosure, and violations of the federal Fair Debt Collection Practices Act (FDCPA). The court previously dismissed all of Henry's claims against BDFTE and her claims against Chase except her quiet-title claim. Chase has moved for summary judgment on Henry's quiet-title claim and her request for declaratory relief.

Based on the pleadings; the motions, response, and reply; and the relevant law, Chase's motion for summary judgment, (Docket Entry No. 27), is granted. The reasons are explained below.

**I.   Background**

Henry owns the property located at 1031 N. Teal Estates Circle in Fresno, Texas. On February 10, 2011, she received a notice of substitute trustee sale, informing her that her home

---

[1] After Henry filed suit, Chase Home Finance merged with JPMorganChase. "Chase" refers to both entities.

would be sold at a foreclosure sale on March 1, 2011.  The notice was sent by BDFTE, Chase's foreclosure counsel, and listed Chase as the mortgagee and mortgage servicer of the mortgage loan.

On February 25, 2011, Henry sued Chase and BDFTE in federal court, asserting causes of action for quiet title, unlawful foreclosure attempt, and FDCPA violations.  (Docket Entry No. 1). Both defendants filed motions to dismiss under Rule 12(b)(6) for failure to state a claim and, alternatively, motions for a more definite statement under Rule 12(e).  (Docket Entry Nos. 5, 6). The court previously dismissed with prejudice all of Henry's claims against BDFTE and Henry's unlawful foreclosure attempt and FDCPA claims against Chase.  But the court denied Chase's motion to dismiss with respect to Henry's quiet-title claim and request for declaratory relief. (Docket Entry No. 22).  Chase now moves for summary judgment on Henry's remaining claims. (Docket Entry No. 27).

In support of its motion, Chase submits a declaration by Ashley Nauman, an "Assistant Secretary for JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC." (*Id*., Ex. 2, ¶ 2).  Nauman states that she is "familiar with JPMC's records related to the Note executed by Tranessia Henry" with Satelite Mortgage and Investment LLC.  (*Id*., ¶ 3).  Nauman states that the records show that, on June 29, 2007, Satelite assigned the Loan to JPMC, which assigned the Loan to Chase Home Finance.  (*Id*., ¶ 4–7).  Nauman further states that on May 1, 2011, Chase Home Finance merged with JPMC, which currently holds the Henry's mortgage note.  (*Id*., ¶ 8).  Nauman states that the records show that Henry "defaulted on the Loan by failing to make the payment due July 1, 2009," (*Id*., ¶ 11), and "has not cured her default."  (*Id*., ¶ 12).

Chase also submits the following documents: the June 29, 2007 Promissory Note that Henry entered into with Satelite, (Docket Entry No. 27, Ex. 2-A); the June 29, 2007 Deed of Trust that

2

Henry entered into with Satelite, (*Id*., Ex. 2-B); the June 29, 2012 assignment of the Deed of Trust by Satelite to JPMC, (*Id*., Ex. 2-C); the February 14, 2011 assignment of the Deed of Trust by JPMC to Chase Home Finance, (*Id*., Ex. 2-D); the Certificate of Merger of Chase Home Finance with JPMC, (*Id*., Ex. 2-E); and Henry's loan payment history, which reflects that Henry is behind on her mortgage payments, (*Id*., Ex. 2-F).

Henry opposes summary judgment. (Docket 35). At the end of her signed response, Henry declares that, "[t]o the best of [her] knowledge," she does not owe any money to JPMC or Chase Home Finance and that neither company is the holder of her mortgage. (Docket Entry No. 35, ¶ 13–16). Henry also states that the attached Note and Deed of Trust do "not bear my signature." (*Id*., ¶ 17–18).

## II.    The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the

lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**III. Analysis**

Henry alleges in her complaint that she is the owner of the Teal Estates Property and that Chase's "claims to any right, title or interest in the property are false and without merit" because Chase "is not named in any Mortgage, Deed of Trust or Assignment recorded in the county records." (Docket Entry No. 1, ¶ 36). Henry further alleges that Chase "is not the owner or holder of any

4

promissory note encumbering the Property." (*Id.*, ¶ 37). Henry requests an order "quieting title to the Property in Plaintiff as of the date the Complaint in this case was filed." (*Id.*, ¶ 39).

A quiet-title action "concerns the existence of a cloud on title that equity will remove." *Alkas v. United Sav. Ass'n of Texas, Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A quiet-title suit seeks "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). "[T]he plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief," and "must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 531. "[T]he plaintiff must prove, and thereby recover on, the strength of his title and not on the weakness or invalidity of his adversary's title." *Alkas*, 672 S.W.2d at 857.

Chase moves for summary judgment on the basis that there is no genuine fact dispute material to determining that it is the mortgagee and servicer of Henry's mortgage loan. (Docket Entry No. 27). Chase points to the Nauman declaration and the attached documents to show that Henry defaulted on her mortgage and that Chase was the holder of that mortgage. (*Id*. at 5–6). Chase argues that "[a]s mortgagee and servicer of the Loan, [it] has a right to foreclose on the property." (*Id*. at 6).

### A.     Whether Chase Has Presented Competent Summary Judgment Evidence

In opposing summary judgment, Henry argues that Nauman has failed to show that she has "personal knowledge of the FACT or the EVENTS" described in her declaration. (Docket Entry No. 35, ¶ 1).  She alleges that Nauman has not "personally witnessed the creation or execution of [the loan] documents." (*Id*., ¶ 3).  Henry also argues that Nauman's statements that "JPMC currently owns and holds the Note," "JPMC is the mortgagee and servicer of the Loan," and that "Plaintiff defaulted on the Loan" are legal conclusions.  (*Id*., ¶ 4–6).  Henry objects to Nauman's representation that the documents attached to the declaration are business records because "[t]here are no facts from which these conclusions could be inferred" and "[t]his paragraph looks like boilerplate prepared by a lawyer, which the declarant perhaps meekly signed as part of her employment, perhaps without understanding." (*Id*., ¶ 8).

According to Federal Rule of Civil Procedure 56(c)(4), an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4) (formerly codified as part of Rule 56(e)(1)).  Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).  The Fifth Circuit "ha[s] held that an affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns." *Carson v. Perry*, 1996 WL 400122, at *1 (5th Cir. 1996) (per curiam) (citing *FDIC v. Selaiden Builders, Inc*., 937 F.2d 1249, 1254–55 n. 12 (5th Cir. 1992); and *Resolution Trust Corp. v. Camp*,

6

965 F.2d 25, 29 (5th Cir. 1992) (per curiam)); *see also Cuevas v. BAC Home Loans Servicing LP*, 648 F.3d 242, 250 (5th Cir. 2011) (citing approvingly the affidavit of a corporate officer submitted in support of summary judgment that stated that the officer had knowledge of the corporate structure and had reviewed relevant business records). In the context of suits to enforce promissory notes, the Fifth Circuit has permitted the use of declarations by individuals who lack "precise personal knowledge [about a] particular note" in the absence of any "legitimate fear" about the declaration's veracity. *Resolution Trust*, 965 F.2d at 29.

The Nauman declaration and the attached exhibits are competent summary judgment evidence. Nauman avers that she is over 18 years old, has personal knowledge of the statements in her declaration, and that each statement is true and correct. (Docket Entry No. 27, Ex. 2, ¶ 1). Nauman states that she is "an Assistant Secretary for JPMorgan Chase Bank" and that her "duties include oversight of and active involvement in resolution of issues arising when borrowers default on their mortgages." (*Id.*, ¶ 2). She explains that, "[a]s part of my employment with JPMC, I am familiar with JPMC's records related to the Note executed by Tranessia Henry . . . . These records include the historic records of Chase Home Finance LLC." (*Id.*, ¶ 3). Nauman also states that the exhibits attached to her declaration "are records that are kept by JPMC in the regular course of business" and that the "records were made at or near the time or reasonably soon after the acts, event, condition, or opinion that was recorded." (*Id.*, ¶ 13). Even if a lawyer wrote all, most, or part of the declaration, Nauman signed beneath a statement attesting to veracity under penalty of perjury. (*Id.*).

Henry does not provide or point to any evidence showing that the facts in Nauman's declaration are false or that the attached exhibits are not authentic. Henry's representations that

7

"[t]o the best of [her] knowledge," she does not owe any money to JPMC or Chase Home Finance and that neither company is the holder of her mortgage, (Docket Entry No. 35, ¶ 13–16), do not create a fact dispute. "Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (citations omitted).

Based on the undisputed competent evidence showing that Chase possesses a legally valid mortgage on Henry's property, summary judgment is granted dismissing Henry's quiet-title claim. Because there are no remaining claims against Chase, summary judgment is also granted as to Henry's request for declaratory relief. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." (internal citation omitted)).

### B. Whether Summary Judgment Violates the Seventh Amendment Right to a Jury Trial

Henry argues that summary judgment violates her right to a jury trial under the Seventh Amendment to the United States Constitution. (Docket Entry No. 35, at 3–4).[2] Henry claims that the Amendment's use of the phrase "common law" refers to the English common law as it was in 1791. She argues that because England had not adopted a summary-judgment procedure in 1791,

---

[2] The Seventh Amendment states:
> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII.

"[s]ummary judgment violated the core principles or 'substance' of the English common law." (Docket Entry No. 35, ¶ 12).

The Fifth Circuit has held that a party lacks a Seventh Amendment right to a jury trial "when 'a party fails to make a Rule 56-required demonstration that some dispute of material fact exists which a trial could resolve.'" *Conboy v. Edward D. Jones & Co., L.P.*, 140 F. App'x 510, 518 (5th Cir. 2005) (citing *Ogelsby v. Terminal Transport Co., Inc.*, 543 F.2d 1111, 1113 (5th Cir. 1976)). As explained above, Henry has failed to demonstrate that there is a material dispute of fact as to her remaining quiet-title claim. Granting summary judgment does not implicate or violate the Seventh Amendment.

## V. Conclusion

Chase's motion for summary judgment, (Docket Entry No. 27), is granted. Final judgment is entered by separate order.

SIGNED on November 19, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge