IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANESSIA HENRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0668 |
| | § | |
| CHASE HOME FINANCE, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit challenging a mortgage foreclosure. After receiving notice that her home would be sold at a foreclosure sale, the plaintiff, Tranessia Henry, sued Chase Home Finance, LLC,[1] the mortgagee listed on the foreclosure notice. Henry also sued Barrett Daffin Frappier Turner & Engel, LLP (BDFTE), the law firm Chase retained to foreclose on the property. Henry's complaint asserted causes of action for quiet title, wrongful attempted foreclosure, and violations of the federal Fair Debt Collection Practices Act (FDCPA). In a December 6, 2011 memorandum and order, this court dismissed all of Henry's claims against BDFTE and her claims against Chase except her quiet-title claim. In a November 19, 2012 memorandum and opinion, this court granted summary judgment on Henry's quiet-title claim and her request for declaratory relief. On the same day, the court entered final judgment. Henry has moved for reconsideration of this court's memorandum and opinion granting summary judgment for Chase and of several other orders that this court issued during the case. (Docket Entry No. 39).

**I.    The Legal Standard**

---

[1] After Henry filed suit, Chase Home Finance merged with JPMorganChase. Where appropriate, "Chase" is used to refer to both entities.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).

Because Henry's motion for reconsideration was filed more than 28 days after this court's opinion, her motion is appropriately considered under Rule 60(b). "Unlike a motion for new trial under Rule 59(a), however, Rule 60(b) only encompasses specifically enumerated grounds." *Weckesser v. Chicago Bridge & Iron*, 447 F. App'x 526, 529 (5th Cir. 2011) (per curiam). They are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief[2]. FED. R. CIV. PROC. 60(b). Rule 60(b)(1) applies when the party seeking relief from judgment bases its motion on a legal error by the district court. *See Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). A Rule 60(b)(1) motion "may be used to rectify an obvious error of law, apparent on the record." *Id.* (internal quotation marks omitted); *McMillan*, 4 F.3d at 367. The "focus on

---

[2] Rule 60(b)(6) does not apply to claims of legal error: "claims of legal error or mistake . . . are subsumed under subsection (1)." *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993); *accord Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 F. App'x 352, 356 (5th Cir. 2007) (per curiam).

'obvious' legal error, which [the Fifth Circuit] as a matter of course would correct anyway, is to prevent a Rule 60(b) motion from being used as a substitute for a timely appeal on disputed issues." *Benson*, 575 F.3d at 547.

## II.   Discussion

### A.   Henry's Promissory Note

In her motion for reconsideration, Henry contends that this court improperly granted summary judgment because Chase has not produced the original mortgage note. Henry argues that "[w]ithout examining the Note, Plaintiff could not state, by affidavit, that Ashley Nauman's Exhibit 2-A is an obsolete copy of the Note, and that the Note has subsequently been discharged by its Holder by materially and fraudulently altering it, and/or cancelling and/or renouncing them . . . ." (Docket Entry No. 39 at 5).

In support of her argument, Henry points out that, *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992) (per curiam) — one of the four cases that this court previously cited to show the sufficiency of the summary judgment affidavit submitted by Chase — cites *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1372 (5th Cir. 1988), which in turn cites *Lloyd v. Lawyence*, 472 F.2d 313 (5th Cir. 1973). Henry notes that, in *Lloyd*, the Fifth Circuit reversed a trial court's summary judgment for the plaintiffs on the basis that they had failed to provide sufficient evidence to support their summary judgment motion. She argues that this means that Chase's failure to provide her and the court with the original copy of her mortgage note is reason to deny Chase summary judgment.

Henry's understanding of the Fifth Circuit's holding in *Lloyd* is incorrect. The panel reversed the district court's grant of summary judgment because the plaintiffs had "failed to allege

...

that they were the present holders of the admittedly negotiable instruments" and "did not verify the photocopies or introduce proof of possession of the instruments." *Id.* at 315. The court did not state that the plaintiffs were required to provide the court and defendant with original copies of the instruments in order to satisfy the summary judgment standard. Unlike the movants in *Lloyd*, in this case, Chase has consistently alleged that it is the current holder of the note; produced copies of the recorded note, deed of trust, and assignments; and verified those copies by attaching them to a competent affidavit.

Henry also points to the Fifth Circuit's statement in *Resolution Trust* that it "would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and hoder of the note in question . . . ." *Resolution Trust*, 965 F.2d at 30. Henry argues that she "DOES have a legitimate fear that CHASE HOME FINANCE, LLC is not the owner and holder of the note in question, as expressed in paragraph 29 of the Complaint. (Docket Entry No. 39 at 3 (capitalization in original)). Henry's reference to the allegations contained in her complaint are not sufficient to defeat summary judgment. Once Chase, in moving for summary judgment, identified an absence of a genuine fact dispute material to determining its ownership of the mortgage, Henry, as the nonmovant, had the burden to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Henry provides no other support for her view that this court was prohibited from granting summary judgment unless Chase provided Henry and the court with the original promissory note. *See Rundus v. City of Dallas*, 2009 WL 3614519, at *4 (N.D. Tex. Nov. 2, 2009), *aff'd*, 634 F.3d 309 (5th Cir. 2011) ("[T]he court is aware of no authority, and plaintiff cites none, that the federal rules require a party to produce original documents in order to satisfy its discovery obligations."). Henry's request for relief from summary judgment on the basis of this court's consideration of verified copies of the promissory note for Henry's mortgage loan is denied.

B.     **The Discovery Deadlines**

Henry next argues that this court erred in granting summary judgment after denying her prior request to extend the discovery period. She states that there was a fire at her house that displaced her for several months. She further states that on August 13, 2012, more than thirty days before the discovery deadline, she moved to extend the discovery period and to compel responses to discovery requests that she had sent to Chase, (Docket Entry No. 28). Henry contends that she served a second round of discovery requests on August 14, 2012 but that she was unable to compel responses because the court declined to extend the discovery deadline.

The Fifth Circuit "has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted). "A Rule [56(d)] motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery." *Fanning v. Metro. Transit Auth. of Harris County, Tex.*, 141 F. App'x 311 (5th Cir. 2005). Henry

did not file a motion that meets Rule 56(d)'s requirements. A party requesting additional discovery must show by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. PROC. 56(d). The Fifth Circuit follows Rule 56(d)'s affidavit requirements. *See, e.g.*, *Leza v. City of Laredo*, 2012 WL 5295625, \*2 (5th Cir. Oct. 29, 2012) ("Regardless of whether Leza personally believes the affidavit requirement contained in Rule 56(d) is 'redundant,' 'inappropriate,' or 'bureaucratic,' it is what Rule 56 requires."). To the extent that Henry's motion for reconsideration seeks to reopen discovery, it is denied as procedurally defective.

To the extent that Henry seeks review under Rule 60(b) of this court's prior order declining to extend the discovery deadline, her motion is also denied. Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered deadline may be modified for good cause. FED. R. CIV. PROC. 16(b)(4). The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Courts consider four factors in deciding whether there is good cause to amend a scheduling order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

On January 10, 2012, this court entered a scheduling order setting a discovery deadline of September 14, 2012. (Docket Entry No. 25). Upon receiving Henry's request to extend the discovery deadlines and to compel responses to her discovery requests, this court set a discovery hearing for August 30, 2012. After hearing from both parties, this court found that Henry failed to demonstrate good cause for extending the discovery deadlines. (Docket Entry No. 31). She had previously sent interrogatories and requests for production to Chase. Chase had responded to Henry's discovery requests by providing her with mortgage closing documents, her mortgage account payment history, foreclosure notices that Chase had previously sent to her, the mortgage deed of trust, the chain of assignments showing that Chase was the current mortgage holder, and evidence that the relevant documents had been recorded in her county's records. At the discovery hearing, Henry failed to identify additional relevant documents or information that she had requested and that Chase had failed to produce. She did not show any other good cause for extending the discovery deadlines. Although the court declined to extend the discovery deadline, recognizing the challenges facing pro se litigants, and the fact that Chase's summary judgment motion had been filed before the end of the discovery period, the court gave Henry additional time to respond to Chase's motion. Henry has not shown that this court erred in declining to extend the discovery deadline.

### C. Henry's Request to File Motions to Compel

Henry also argues that this court improperly refused to permit her to file several motions to compel discovery. She points to this court's procedure of not hearing any written discovery motions unless the party wishing to file the motion has first arranged a conference with the court and any opposing parties. Rule 5(C), Court Procedures for Hon. Lee H. Rosenthal, available at

http://www.txs.uscourts.gov/district/judges/lhr/lhr.pdf.[3] Henry states she was denied the opportunity to file a motion to compel. (Docket Entry No. 39 at 5–9). Henry has attached the motions to compel that she planned to file as exhibits to a declaration that she filed to supplement her motion for reconsideration. (Docket Entry No. 42).

Following its published procedures for discovery disputes, this court scheduled a discovery hearing at which Henry had an opportunity to explain what additional documents she sought in discovery and why. After hearing arguments from both Henry and from Chase, the court found that Chase had provided Henry with the relevant and necessary information and documents for her remaining quiet-title claim. Out of an abundance of caution, the court reviews and addresses Henry's arguments in her motions to compel individually.

Henry argues that Chase's discovery responses are inadequate. Nevertheless, she admits that Chase has provided her with:

---

[3] The full text of Rule 5(C) provides:

> C. The court will not hear any discovery motions unless both of the following steps occur first:
>
> 1. The party wishing to make any discovery motion must arrange for a conference with the court before the preparation and submission of motion papers. E-mail or fax Mrs. Eddins and opposing counsel to arrange for a premotion conference. Mrs. Eddins's e-mail address islisa_eddins@txs.uscourts.gov; the fax number is (713) 250-5213; and the telephone number is (713) 250-5517. To the extent possible, the issue will be resolved on the basis of the premotion conference, without motion or response. If the court cannot resolve all or part of the issues raised without a written submission and response, the issues to be addressed and a schedule for briefs will be set in the conference.
>
> 2. Counsel for the party raising the discovery issue must advise the court, in writing, that counsel have conferred in a good-faith effort to resolve the matters in dispute but are unable to reach an agreement, or state the reason that the parties did not confer.

> closing documents, correspondence from [Chase] alleging a default, some recorded documents, correspondence from a law firm, a Certificate of Merger of Chase Home Finance LLC into JPMorgan Chase Bank NA signed by a purported Vice President of JP Morgan Chase Bank NA, [and] records of payments received by Chase Home Finance LLC . . . .

(Docket Entry No. 42(c)). The summary judgment record includes the Promissory Note and the Deed of Trust. Both are signed and initialed by Henry. The Note is stamped "Pay to the Order of JPMorgan Chase Bank, NA Without Recourse." The deed includes a stamp showing that it has been "Filed and Recorded" in the official public records for Fort Bend County, Texas. (Docket Entry No. 27, Exs. 2A, 2B). The record also includes: the recorded assignment of the deed of trust by Satelite Mortgage to JPMC, (*Id*., Ex. 2C); the recorded assignment of the deed of trust by JPMC to Chase Home Finance, (*Id*., Ex. 2D); the Certificate of Merger of Chase Home Finance into JPMC, (*Id*., Ex. 2E); and a detailed transaction history of Henry's mortgage account showing her payments, balance, and that she is in arrears, (*Id*., Ex. 2F).

These documents are directly responsive to Henry's requests for production including her requests for documents relating to: the deed of trust, the promissory note, assignments of the deed of trust and note, transfers of ownership of the mortgage, Chase Home Finance's merger, and Chase's interest in the property. (Docket Entry No. 42, Requests for Production Nos. 1, 2, 3, 6, 7, 8, 9, 23, 29, 30, 31, 32)). The majority of Henry's other discovery requests are unduly burdensome and seek documents and information that are not relevant to the remaining quiet-title claim that Henry asserted in her complaint.[4] Several of Henry's requests are vague and overly broad and have

---

[4] These include requests for documents relating to: Chase Home Finance's corporate charter, (*Id*., Request No. 16); any power of attorney held by various employees of the companies named in the complaint, (*Id*., Request Nos. 4, 5, 24, 25); Chase's attorneys' admission to practice in federal court, (*Id*., Request Nos. 21, 22); the appointment of Aileen Cabalu as Vice President of Deutsche Bank, (*Id*., Request No. 26); mortgage insurance, (*Id*., Request Nos. 36, 48); the composition of JPMC's board of directors, (*Id*., Request

been satisfied in relevant part by documents that Chase has produced.[5] Still others request documents providing information contained in other documents that Henry is likely to possess or that she could more easily obtain through other means.[6]

Henry asks this court to "compel a better response" to her requests for admission. Although Chase objected to many of Henry's requests, Chase's responses also admitted, denied, or qualified each request for admission. (Docket Entry No. 42). "[R]equests for admission are not designed to obtain discovery of the existence of facts, but rather are intended to establish the admission of facts about which there is no real dispute." *Stockdale v. Stockdale*, 2009 WL 5217001, at *2 (E.D. Mo. Dec. 30, 2009). Chase has sufficiently responded to Henry's requests for admission.

Henry's motion to compel better responses to her interrogatories similarly presents no basis for additional discovery. Henry argues that Chase's interrogatory responses were verified by Chase's attorney and not by a Chase representative. According to Federal Rule of Civil Procedure 33, interrogatories must be answered by "the party to whom they are directed" or "if that party is a public or private corporation . . . by any officer of agent, who must furnish the information

---

No. 35); any authorizations to file this lawsuit, (*Id*., Request No. 35); showing consideration, (*Id*., Request No. 40); showing that Chase has been damaged, (*Id*., Request No. 37); showing that JPMC is authorized to do business in Texas, (*Id*., Request No. 33); all accounting ledgers covering any relevant transaction, (*Id*., Request No. 27); various individuals authorized to act on behalf of Chase and other entities that Chase has hired, (*Id*., Request Nos. 17, 18, 19, 20); contracts between Henry and Chase, (*Id*., Request No. 38); closing agent agreements relating to relevant transactions, (*Id*., Request 28); and pooling and servicing agreements, master servicing agreements, subservicing agreements, custodial agreements, trust agreements, and credit default swaps relating to Henry's property, (*Id*., Request Nos. 43, 44, 45, 46, 47).

[5] These include Henry's requests for documents relating to: payments tendered by any third parties relating to "the alleged transaction," (*Id*., Request No. 42); contracts between JPMC and others relating to Henry's property, (*Id*., Request No. 39); contracts between Chase Home Finance and JPMC, (*Id*., Request No. 50); "[D]ocuments showing when Defendants first knew of all the matters complained of" (*Id*., Request No. 34); closing documents, (*Id*., Request No. 15).; "agents, principles, predecessors, successors, nominees and/or assigns relating to the alleged transaction" (*Id*., Request No. 41).

[6] These include Henry's requests for documents relating to: copies of payments made on the note, (*Id*., Request No. 11); and correspondence between Henry and JPMC, (*Id*., Request Nos. 12, 13, 14, 15, 53).

available to the party." FED. R. CIV. PROC. 33(b)(1). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. PROC. 33(b)(5). Chase's supplemental answers and objections to Henry's interrogatories include Chase's attorney's signature and a verification by Chase's corporate representative. (Docket Entry No. 42, Ex. C).

Henry points out that Chase's attorney did not write in a date next to his signature. The Federal Rules of Civil Procedure do not require that an attorney signing his objections to interrogatories provide the date the objections were made. Henry contends that Chase's corporate representative's verification is insufficient because her affirmation included the phrase "to the best of my knowledge." Even if Henry is correct, the information and documents that Chase has provided to Henry are sufficient to provide the information Henry needed to litigate the quiet-title claim she alleged in the complaint.

Henry also argues that Chase has inadequately responded to her interrogatories. Henry's first interrogatory states: "Please state the name, address, telephone number and position of the person answering these Interrogatories." The interrogatory responses include the name, address, telephone number, and position of Chase's attorney and the name and position of Chase's corporate representative. The personal address and telephone number of Chase's corporate representative are not relevant to Henry's claims. Henry's second interrogatory asks whether her note was sold or transferred. Chase's response that "it holds the note and is the current mortgagee and servicer of the Loan at issue in this case" is sufficient. Henry's third and fourth interrogatories request that Chase identify individuals with knowledge of the facts relevant to the case and state the facts known by each. Given the nature of Henry's quiet-title claim, the relevant individuals and the scope of their knowledge are sufficiently identified in the documents that Chase produced to Henry. Henry's fifth interrogatory requests that Chase identify all documents containing information relevant to the facts

11

of this case. This court finds that Henry's fifth interrogatory is overly broad and that the documents that Chase has provided to Henry in response to her requests for production meet Chase's discovery obligations.

The procedure used to resolve the parties' discovery dispute presents no basis for the relief Henry seeks.

### D.     The Seventh Amendment

Henry argues that the court erred because granting summary judgment violated her right to a jury trial under the Seventh Amendment to the United States Constitution. This court cited *Conboy v. Edward D. Jones & Co., L.P.*, 140 F. App'x 510 (5th Cir. 2005), for the proposition that a party lacks a Seventh Amendment right to a jury trial when that party "fails to make a Rule 56-required demonstration that some dispute of material fact exists which a trial could resolve.'" *Id.* at 518 (citing *Ogelsby v. Terminal Transport Co., Inc*., 543 F.2d 1111, 1113 (5th Cir. 1976). Henry challenges *Conboy*'s citation to *Ogelsby*, in which the Fifth Circuit held that, when the nonmovant has been provided with notice and a reasonable opportunity to be heard but fails to show that there is a dispute of material fact, the summary judgement procedures does not implicate the Seventh Amendment. *Oglesby*, 543 F.2d at 1113. Henry has failed to show that this court's rejection of her Seventh Amendment argument opposing summary judgment was an error of law.

### E.     The Summary Judgment Evidence

Henry makes two arguments that question whether this court correctly interpreted and applied the summary judgment evidence. First, Henry points out that her home's mortgage deed of trust was signed on June 29, 2007, (Docket Entry No. 27, Ex. 2-B at 37), and that the assignment of the deed of trust states that it was recorded on July 25, 2007, (*Id.*, Ex. 2-C), which she notes is "in the future!" (Docket Entry No. 38 at 9). She alleges that this shows that "Satelite was never the

lender." (*Id*.).    A stamp on the deed of trust stated that it was recorded on July 25, 2007. (Docket Entry No. 27., Ex. 2-B at 40). This is consistent with the assignment of the deed of trust from Satelite to JPMC, which also stated that the recording date was July 25, 2007. (*Id*., Ex. 2-C). Henry has not shown error justifying relief.

Second, Henry claims that the deed of trust "was fraudulently drafted." (Docket Entry No. 38 at 9). She points to language in the deed of trust stating that the "BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and that the right to grant and convey the Property is unencumbered, except for encumbrances of record." (Docket Entry No. 27, Ex. 2-B, at 24). She argues that this statement was false because she did not own or possess the property on June 29, 2007. Henry does not point to evidence supporting her claims. Nor does she explain why, even if she did not own the property on the date the deed of trust was signed, that would make the deed of trust invalid as to JPMC. Henry's request for relief from judgment on the basis of the alleged fraudulent drafting of the deed of trust is denied.

### F.    Leave to Amend the Complaint

Henry complains that the court erred in not granting leave to amend her complaint. (Docket Entry No. 38 at 10–11). Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc*., 690 F.2d 1157, 1162 (5th Cir. 1982)). A district court must possess a "substantial reason" to deny a request for leave to amend. *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)). Courts may consider five factors in deciding whether to grant leave to amend: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). Decisions on motions to amend are "entrusted to the sound discretion of the district court . . . ." *Quintanilla v. Tex. Television, Inc*., 139 F.3d 494, 499 (5th Cir. 1998) (quoting *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993)).

"When a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." *See Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992). But when a district court dismisses an action and enters a final judgment, a plaintiff may request leave to amend only by seeking to alter or reopen the judgment under Rule 59 or 60. *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003)

This court's December 6, 2011 memorandum and order dismissed Henry's FDCPA and wrongful attempted foreclosure claims with prejudice. Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home. *See, e.g.*, *Baker v. Countrywide Home Loans, Inc*., 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009). Because Henry asserted in her complaint that she is still in possession of her property — and has not since stated otherwise — this court found that granting leave to amend would be futile. Granting Henry leave to amend her complaint to restate her FDCPA claim would also be futile. As this court's opinion noted in dismissing her FDCPA claim:

> Mortgage companies collecting debts are not "debt collectors" under the FDCPA. *Williams v. Countrywide Home Loans, Inc*., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007). In addition, "the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Both because Chase is not a "debt collector" as defined by the FDCPA and because the statute does not cover the type of activity alleged, Henry's FDCPA claim fails as a matter of law.

14

Henry's remaining quiet-title and declaratory-judgment claims were not dismissed because the complaint was insufficient. This court granted summary judgment on those claims because Henry failed to raise a triable fact issue. Chase showed that it was entitled to judgment as a matter of law. Granting Henry leave to amend her quiet-title claim would not preclude summary judgment.

This court also denies Henry leave to amend her claims because Henry's request is brought for delay. This court dismissed Henry's claims on December 6, 2011. Henry did not request leave to amend her complaint until she filed her motion for reconsideration on December 19, 2012 — over one year later. The fact that Henry has also not stated what additional facts and claims she would like to add is further evidence of intent to delay. This court did not clearly err in denying Henry leave to amend her complaint.

### G.   JPMC and Chase Home Finance

Henry requests relief from this court's orders on the basis that, because the complaint names Chase Home Finance as the defendant, JPMC is not a party to the litigation and is not permitted to litigate on Chase Home Finance's behalf and in its name. Chase has provided Henry and the court with a certificate of merger issued by the State of Delaware showing that Chase Home Finance has merged with and into JPMC. (Docket Entry No. 27, Ex. 2E). Under Federal Rule of Civil Procedure 25(c), "[i]f [a litigation] interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. PROC. 25(c).

Henry argues that a merger between JPMC and Chase Home Finance could not have occurred because the former is a bank and the latter is a limited liability company and a merger between those types of business entities is not possible. (Docket Entry No. 38 at 10).

Under Delaware law, "[p]ursuant to an agreement of merger or consolidation, 1 or more domestic limited liability companies may merge or consolidate with . . . 1 or more *other business entities* formed or organized under the laws of the State of Delaware or any other state or the United States or any foreign country or other foreign jurisdiction . . . ." DEL CODE. tit. 6, § 18-209(b) (emphasis added). The term "other business entities" is defined for the purpose of that section as "a corporation, a statutory trust, a business trust, an association, a real estate investment trust, a common-law trust, or any other unincorporated business or entity, including a partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)), and a foreign limited liability company, but excluding a domestic limited liability company." DEL CODE. tit. 6, § 18-209(a). The merger between Chase Home Finance and JPMC is permissible under Delaware law. Even if the merger were illegal, Henry does not explain why this case is an appropriate forum for questioning the effectiveness of a certificate of merger issued by the State of Delaware. Henry's request for relief under Rule 60(b) on the basis that JPMC is not permitted to litigate this case in the name of Chase Home Finance is denied.

## II.   Conclusion

For the reasons stated above, Henry's motion for reconsideration, (Docket Entry No. 39), is denied.

SIGNED on January 30, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge